IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOXMIND CANADA ENTERPRISES, LTD, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE INDIVIDUALS, CORPORATIONS, ) <br> LIMITED LIABILITY COMPANIES, ) <br> PARTNERSHIPS, AND UNINCORPORATED ) <br> ASSOCIATIONS IDENTIFIED ON ) <br> SCHEDULE A TO THE COMPLAINT, ) <br> ) <br> Defendants. ) <br> ) | Case No. 22-cv-02552 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFF'S RESPONSE TO THE SURREPLY OF DEFENDANTS
THE UZZLE AND ALL STAR TOYZ REGARDING PLAINTIFF'S
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiff FOXMIND CANADA ENTERPRISES, LTD ("Plaintiff"), by and through its undersigned counsel, hereby respectfully submits its response to Defendants The Uzzle (www.theuzzle.com) and All Star Toyz (www.allstartoyz.com) (collectively, the "Defendants") Surreply in Opposition (ECF 44-1, "Surreply") to Plaintiff's Motion for Entry of Preliminary Injunction (ECF 34, "Motion") and states as follows:

**INTRODUCTION**

Defendants' Surreply focuses on comparing Plaintiff's MATCH MADNESS game to two other boxed games that are not before the Court, and is bereft of any authority suggesting that their argument warrants denial of the Motion against them. "Pixy Cubes" and "Quirkle Cubes" have nothing to do visually, functionally, or artistically with MATCH MADNESS. The types of puzzles and the blocks used to solve the puzzles in those games appear very different. The Uzzle game, by

1

contrast, is plainly at least substantially similar if not strikingly similar to MATCH MADNESS. Notwithstanding superficial differences, it is readily apparent that Defendants appropriated Plaintiff's copyrights in MATCH MADNESS by taking material of substance and value, including the appearance of the game pieces, challenge cards, and game instructions, which are the heart of both MATCH MADNESS and The Uzzle. As discussed in Plaintiff's Reply brief (ECF 43), Defendants tellingly do not assert that they created The Uzzle independent of MATCH MADNESS, and Plaintiff has demonstrated Defendants had access to MATCH MADNESS and improperly copied and captured the total concept and feel of Plaintiff's copyrighted works. Defendants' belated effort in the Surreply to argue MATCH MADNESS is not "unique enough" to substantiate a claim for copyright infringement against Defendants falls flat, and so the Court should grant the Motion against Defendants.

## ARGUMENT

Under Federal law, a certificate of registration with the Copyright Office "shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c); *Ill. Bell Tel. Co. v. Haines and Co., Inc.,* 683 F. Supp. 1204, 1207 (N.D.Ill.1988), *aff'd,* 905 F.2d 1081 (7th Cir.1990). The burden then shifts to the defendant to prove that the plaintiff's copyright is in some way invalid. *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir.1994). It is not disputed that the MATCH MADNESS Copyright Registrations constitute prima facie validity of the copyright. While Defendants at no point assert that the MATCH MADNESS Copyright Registrations are invalid, they apparently seek to impugn the validity of Plaintiff's copyrights by turning the relevant inquiry on its head.

Defendants appropriately do not address whether Plaintiff had access to or directly infringed on "Pixy Cubes" and "Quirkle Cubes", or whether MATCH MADNESS captures the

"total concept and feel" of those other games, because the total concept and feel of the MATCH MADNESS copyrights is plainly a distinct particularized expression. (ECF 44-1.) That alone is a sufficient basis to find Defendants have not met their burden to prove the MATCH MADNESS copyrights are invalid. *See Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1105 (N.D. Ill. 2005) (substantial similarity inquiry looks to whether a work infringes on the "total concept and feel of the copyrighted work.").

Instead, Defendants focus on either elements like the general puzzle-game "concept" or superficial elements like the fact that both games have cubes/blocks with similar colors and shapes/symbols on the block faces, cards, and game rules. (ECF 44-1, at 2–4, 6–7.) However, a concept alone is not subject to copyright protection under 17 U.S.C. § 102(b), and later in their brief Defendants acknowledge that "[c]ritically, copyright law does not protect simple product symbols, lettering or coloring. 37 C.F.R. § 202.1." (ECF 44-1, at 8.) Otherwise, Defendants' tortured argument requires viewing the other boxed games and MATCH MADNESS at the most general, superficial level, which ignores the relevant inquiries of whether MATCH MADNESS contains a modicum of originality and whether an ordinary observer would consider MATCH MADNESS substantially similar to them.

Here, protection is claimed on MATCH MADNESS copyrights in its blocks, challenge cards, and rules text accompanying the games—not the general idea of puzzle games with cards and blocks. Those elements of the "Pixy Cubes" and "Quirkle Cubes" are plainly distinguishable from MATCH MADNESS, and it is similarly clear to an ordinary observer that Defendants copied those elements from MATCH MADNESS for The Uzzle, notwithstanding variations in the symbols on the game blocks and colors used. These slight differences between MATCH MADNESS and The Uzzle do not change the conclusion that Defendants had access to MATCH MADNESS and copied MATCH MADNESS's protected elements to capture the total concept and

3

feel of MATCH MADNESS, thereby demonstrating likelihood of success on Plaintiff's copyright infringement claim. *Spinmaster*, 404 F. Supp. 2d at 1105–06 (granting preliminary injunction where comparing the two products, defendant captured the total concept and feel of plaintiff's product, notwithstanding slight differences, rather than coming up with their own particularized expression). In sum, Defendants fail to meet their burden to show that the MATCH MADNESS copyrights are invalid or that Plaintiff otherwise fails to meet its burden to show likelihood of success on the merits of its copyright claim against Defendants.

## CONCLUSION

Based on the foregoing and the arguments previously submitted in the Motion and in support thereof, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Entry of Preliminary Injunction (ECF 34) against Defendants in its entirety, and award Plaintiff any further relief that the Court deems just and proper.

Dated: July 8, 2022                                        Respectfully submitted,

                                                           THOITS LAW

                                                           /s/ David E. Hutchinson
                                                           David E. Hutchinson (IL Bar No. 6300078)
                                                           47 W. Polk Street, Suite 100 #221
                                                           Chicago, IL 60605
                                                           (650) 327 4200
                                                           dhutchinson@thoits.com

                                                           *Attorneys for FoxMind Canada Enterprises, Ltd*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will notify all attorneys of record of the filing of this document.

                                                  /s/ *David E. Hutchinson*
                                                  David E. Hutchinson