IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FOXMIND CANADA ENTERPRISES, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 CV 2552 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED ON SCHEDULE | ) | |
| A HERETO | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff FoxMind Canada Enterprises, Ltd. filed this complaint against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations listed on Schedule A. The original complaint (Doc. 1) included 109 total defendants, including New Wave, LLC, and All Star Toyz (also known as "www.allstartoyz.com").[1] Plaintiff brings claims of trademark infringement and counterfeiting (Count I), false designation of origin (Count II), copyright infringement (Count III), and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 (Count IV). The court denied plaintiff's motion for preliminary injunction (Doc. 34) against New Wave, LLC, and All Star Toyz (collectively, "defendants") on July 19, 2022. The court also ordered severance of these two defendants from the other remaining defendants because they were improperly joined. Plaintiff then filed an amended complaint with an amended Schedule A (Doc. 59). Defendants now move the court to dismiss plaintiff's claims against them under Rule 12(b)(6) (Doc. 65).[2] Fed. R. Civ. Pro. 12(b)(6). For

---

[1] Plaintiff originally included New Wave, LLC, as "www.theuzzle.com" or "The Uzzle."
[2] Plaintiff's motion to strike defendants' request for declaratory relief and counterclaims (Doc. 107) and plaintiff's

1

the reasons stated below, the court denies defendants' motion.

## BACKGROUND

Plaintiff is the source of MATCH MADNESS pattern matching board games in the United States and brings the instant case against defendants due to their alleged use of the MATCH MADNESS Trademark and Copyrights in connection with the advertising, distribution, offering for sale, and sale of counterfeit products. According to plaintiff, defendants created fully interactive websites and commercial internet marketplaces that appear to sell genuine and authorized products using the MARCH MADNESS Trademark and Copyrights, while selling inferior imitations. Plaintiff claims that such online marketplace accounts share "unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences."[3]

Plaintiff alleges that defendants' knowing and willful use of the MARCH MADNESS Trademark and Copyrights is "likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff." According to plaintiff, defendants had knowledge of plaintiff's ownership of the MATCH MADNESS Trademark and Copyrights, and used "the fame and incalculable goodwill associated therewith and of the popularity and success of the MATCH MADNESS Products" to proceed in bad faith with manufacturing, marketing, developing, offering to sell, and selling their counterfeit products.

---

motion to dismiss defendants' counterclaim (Doc. 111) remain pending before this court.
[3] The complete list of allegedly common features include: accepted payment methods, check-out methods, meta data, illegitimate search engine optimization tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volumes sales discounts, similar hosting services, similar name servers, and use of the same text and images.

According to plaintiff, defendants facilitate sales of their counterfeit products by designing their internet stores to appear authorized. The stores allegedly "perpetuate the illusion of legitimacy by . . . using indicia of authenticity and security that customers have come to associate with authorized retailers." Further, plaintiff alleges that defendants "deceive unknowing consumers" by using the MATCH MADNESS Trademark and Copyrights within their websites' content, text, and/or meta tags to attract search engines to their websites. They allegedly compound such use by utilizing unauthorized search engine optimization tactics and social media spamming to misdirect consumers searching for plaintiff's products.

To avoid allegedly ongoing harm, plaintiff moved the court for an <u>ex parte</u> temporary restraining order against all 109 named defendants shortly after filing its complaint on May 16, 2022, which the court granted.[4] On approximately May 20, 2022, the instant defendants (New Wave, LLC, and All Star Toyz) discovered that their websites were "disabled and shut down." The court removed the temporary restraining order as to defendants during a status conference on June 13, 2022, during which the court refused to enter a preliminary injunction against them.

On July 19, 2022, this court held a hearing on plaintiff's motion for preliminary injunction. The court denied plaintiff's request. It found that plaintiff was unlikely to succeed on the merits of its copyright infringement claims against defendants because their board game ("The Uzzle") was not substantially similar to the MATCH MADNESS game. Moreover, the court recognized that defendants were improperly joined with the remaining defendants and ordered that they be severed from the case. In addition, the court ordered plaintiff to file an amended complaint that substituted New Wave, LLC, for www.theuzzle.com by July 22, 2022.[5]

Plaintiffs filed an amended complaint on July 22, 2022, which is the complaint that

---

[4] Plaintiff also moved the court to seal all pleadings in the case.
[5] New Wave, LLC, created "The Uzzle" and owns www.theuzzle.com and www.allstartoyz.com.

3

defendants now move the court to dismiss. Defendants argue that while the amended complaint replaces www.theuzzle.com with New Wave, LLC, "[t]he remaining text of the Complaint is unchanged from the original complaint," which defendants previously moved to dismiss. The court denied that motion without prejudice.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). For a claim to have "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id.

## DISCUSSION

Defendant urges the court to dismiss plaintiff's amended complaint under Rule 12(b)(6) for two reasons: (1) because it fails to plead sufficient facts to survive the pleading standard, and (2) because it fails to sever New Wave, LLC, and All Star Toyz from the other remaining named defendants as this court directed on July 19, 2022. Fed. R. Civ. Pro. 12(b)(6). Plaintiff counters that it has pleaded sufficient factual allegations to provide defendants with fair notice of the claims against them, and that failure to sever is not a basis for dismissal under Rule 12(b)(6). The court evaluates both arguments separately.

First, the court concludes that plaintiff's failure to sever defendants New Wave, LLC, and All Star Toyz from the other remaining defendants is not an appropriate ground for dismissal under Rule 12(b)(6). It is true, as defendants state, that the court ordered defendants to be

4

severed from the other defendants in the instant case and that, in violation of the court's directive, the amended complaint does not do so. The court agrees with plaintiff, however, that, while curious, such failure to sever does not mean that its amended complaint "should therefore be dismissed as it relates to Defendants." Misjoinder of parties is not a ground for dismissing an action. Fed. R. Civ. Pro. 21. See also Androphy v. Smith & Nephew, Inc., 31 F. Supp. 2d 620, 622–23 (N.D. Ill. 1998).

In addition, the court agrees with plaintiff that it has pleaded sufficient factual allegations to state a claim that is plausible on its face. At most, defendants argue, plaintiff alleges upon information and belief that defendants created certain interactive internet stores that "were and/or are systematically directing and/or targeting their business activities at consumers in the U.S." and that defendants "are merchants on online marketplace platforms." According to defendants, plaintiff's allegations are insufficient to meet the pleading standard because they: are not specific to New Wave, LLC, and All Star Toyz; do not relate to the elements of plaintiff's claims against them; are not factual in nature; and do not "raise the right to relief above a speculative level."[6]

The court rejects certain portions of defendant's motion. For example, in the first six pages of their motion, defendants emphasize a plethora of factual allegations that extend beyond those in plaintiff's complaint. The court does not consider these factual allegations in deciding a motion to dismiss. At this stage, the court is limited to an examination of the factual plausibility of plaintiff's amended complaint; in this analysis, plaintiff's factual allegations are the only relevant allegations. Fed. R. Civ. Pro. 12(b)(6).

Moreover, the court rejects defendants' argument that dismissal is appropriate because

---

[6] The court rejects defendants' argument that plaintiff's amended complaint should be dismissed because it "does not contain any facts indicating what, if any, damages Plaintiff claims to have suffered as a result of Defendants' actions, or otherwise tying Defendants to Plaintiff's alleged harm." (Emphasis in original). The court agrees with plaintiff that it does not need to prove damages at this stage so long as it has plausibly alleged damages.

5

plaintiff's amended complaint does not factually differ from the original complaint, which the court directed plaintiff to amend. In ruling on defendants' first motion to dismiss, the court specifically noted that it did not dismiss the complaint "based on the grounds that have been raised [in defendant's first motion to dismiss]," which focused on lack of jurisdiction under Rule 12(b)(2). Fed. R. Civ. Pro. 12(b)(2). The court directed plaintiff to file an amended complaint because the court found that defendants were doing business under different names than those identified in the complaint.[7] The court did not indicate to plaintiff that its initial complaint was necessarily substantively inadequate.

The court also rejects defendants' argument that dismissal is appropriate because the amended complaint does not contain a new allegation that defendants' alleged conduct arises out of the same transaction, occurrence, or series of transactions or occurrences as the other named defendants, with a common question of fact. Defendants' argument appears to stem from a series of observations: (1) that the court ordered defendants to be severed from the other remaining defendants listed on Schedule A; (2) that the court ordered severance based, at least in part, on the conclusion that plaintiff's claims against defendants result from distinct transactions, occurrences, or series of transactions; (3) that plaintiff failed to sever defendants and instead included them on a single complaint with no distinction between its allegations; and (4) that the only reason to include all defendants on one complaint is a new allegation that implicates all defendants in the same transaction, occurrence, or series of transactions or occurrences. Because defendants do not believe that plaintiff has included such an allegation, they argue that dismissal is appropriate.

The court rejects this argument for two reasons. First, there is no indication that plaintiff

---

[7] The court rejects plaintiff's assertion that the court specifically granted plaintiff leave to amend its complaint <u>only</u> to substitute named defendants, not make any substantive changes.

included all defendants in a single amended complaint because plaintiff intended to assert a new allegation implicating the same transaction or occurrence. Plaintiff makes no such indication in its response to defendants' motion. Second, whether plaintiff intended to allege a single transaction or occurrence is irrelevant considering the court's July 19 order to sever.

Therefore, the court denies defendant's motion to dismiss because it agrees with plaintiff that its amended complaint contains plausible claims against defendants. As plaintiff notes, the parties most extensively disagree on the plausibility of plaintiff's copyright infringement claim. To establish a claim of copyright infringement, plaintiff must allege: (1) ownership of a valid copyright; and (2) that defendants copied constituent elements of the work that are original. See, e.g., Peters v. West, 692 F.3d 629, 632–33 (7th Cir. 2012). A plaintiff may establish the second element by suggesting an inference of copying through allegations that the defendants had the opportunity to access the original and that the two works are "substantially similar." See id. at 633.

As defendant emphasizes, the court denied plaintiff's motion for preliminary injunction because it determined that "[t]he actual games themselves . . . they're similar, but . . . I cannot conclude based on what I've seen, that there would be a likelihood of confusion between the two or at least at this point." Defendant suggests that the court's earlier determination definitively shows that the products are not "substantially similar," which would require dismissal. The court disagrees. The court clearly indicated that its earlier conclusion was based on available evidence, which it evaluated using the applicable standard to assess a motion for preliminary injunction.[8] The fact that the court denied plaintiff's motion for preliminary injunction does not

---

[8] The court indicated that "very often you need some type of expert testimony or survey or focus group type of evidence to show that there is a possibility or likelihood of confusion. And I just don't see it here based on the documents that I've seen at this point in the case."

mean that plaintiff does not have a plausible claim and could not succeed on the merits of its claim after discovery. The court uses different standards to evaluate motions for preliminary injunctions than it does for motions to dismiss.

The court denies defendant's motion to dismiss because it concludes that plaintiff meets the pleading standard. In particular, the court finds that plaintiffs have stated plausible claims, including copyright infringement, against defendants in the amended complaint. Taking the facts in the light most favorable to plaintiff, plaintiff alleges ownership of a valid copyright in its MATCH MADNESS products, and that defendants had access to and used its MATCH MADNESS Copyrights without authorization to create a "strikingly similar, or at the very least substantially similar" product. The fact that plaintiff makes the same factual allegations for each defendant does not mean that these allegations are conclusory; plaintiff ties its harm to defendants because it includes defendants in its general "Defendant Internet Stores" group, which it references in connection with specific factual allegations throughout the complaint. Whether defendants actually infringed plaintiff's copyrights in the complained manner is a question for a later stage—and the court will consider defendants' factual allegations at that stage. Accordingly, the court denies defendants' motion to dismiss the amended complaint.

## **CONCLUSION**

For the reasons set forth above, the court denies defendants' motion to dismiss plaintiff's amended complaint (Doc. 65). The court directs plaintiff to take the appropriate steps to sever the parties as this court has directed, including filing a separate complaint as related to the instant case, which will receive a separate docket number. The separate complaint should include only plaintiff's claims against New Wave, LLC, and All Star Toyz and the civil cover sheet must indicate that it is related to the instant case. Plaintiff is directed to file the following as separate

documents in the new case: defendants' initial answer to plaintiff's amended complaint and amended counterclaim (Doc. 103), plaintiff's motion to strike and associated briefs (Doc. 97, 105, 107); and plaintiff's motion to dismiss defendants' counterclaim (Doc. 111) and associated briefs, which are set on an ongoing briefing schedule (Doc. 112). Plaintiff is directed to amend its amended complaint in case 22 CV 2552 to remove defendants (Doc. 59), in addition to amending the amended Schedule A to remove defendants. Defendants are instructed to answer the second amended complaint in the instant case on or before December 19, 2022.

        **ENTER:**

        _____
        **Robert W. Gettleman**
        **United States District Judge**

**DATE:** November 28, 2022